UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM RAY BAKER,<br><br>    Plaintiff/Counter Defendant,<br><br>vs.<br><br>PAULETTE DAVIDSON, CEO/President of Monument Health,<br><br>    Defendant/Counter Claimant. | 5:21-CV-05093-KES<br><br>**ORDER GRANTING SUMMARY JUDGMENT FOR DAVIDSON ON BAKER'S CLAIMS, DISMISSING COUNTERCLAIM, AND DENYING RULE 11 SANCTIONS** |

Plaintiff, William Ray Baker, filed a pro se lawsuit alleging unlawful discrimination under Title VII of the Civil Rights Act of 1964 and under the Americans with Disabilities Act of 1990 (ADA). Docket 1 at 3. Baker also alleges retaliation in violation of the Fair Labor Standards Act (FLSA). *Id.* Defendant, Paulette Davidson, moves for summary judgment on all claims, summary judgment on her counterclaim of barratry, and Rule 11 sanctions. *See* Docket 23, 52, 53 at 18. In several filings to the court, Baker opposed summary judgment and Davidson's other motions. *See* Docket 58, 59, 60, 64, 77.

## BACKGROUND

### I. Factual Background

Baker was employed by Rapid City Regional Hospital, the predecessor affiliate to Monument Health (collectively, the Hospital), from approximately

July 1, 1981 to November 7, 2016. Docket 54 at 1.[1] During his employment at the Hospital, Baker worked "in various capacities, including as a custodian, psychiatric aide, life coach, and psychiatric technician." *Id.* (citation omitted). Twice during his employment, once in November 2013 and again in December 2014, Baker suffered blows to the head when he was attacked by patients in the psychiatric unit. *Id.* at 1-2. After the second attack, Baker experienced various symptoms, including short-term memory deficits, and was off work until early February 2015. *Id.* at 2.

Baker resumed work in February 2015 but again took leave in July of 2015 when his psychiatrist ordered him off work. *Id.* Baker never returned to work for the Hospital. *Id.* After the Hospital determined that Baker exhausted his available leave, including leave under the Family Medical Leave Act (FMLA) and the ADA, the Hospital terminated his employment on November 7, 2016. *Id.*

## II. Prior Lawsuits

Numerous legal proceedings followed Baker's termination. *See id.* at 2-6. The first of these proceedings began on November 8, 2016, when Baker filed two small claims lawsuits. *Id.* at 2-3. One suit was against Janel Brown, the Nursing Director at Regional health, alleging sexual orientation discrimination,

---

[1] Because Baker did not object to Davidson's Statement of Undisputed Material Facts, the court bases its background summary on the Statement. *See* Docket 54. Under the local rules, "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." D.S.D. L.R. 56.1(D). *See also United States v. Morse*, 2011 WL 197579 at 2 (D.S.D. Jan. 20, 2011).

disability discrimination, and retaliation. *Id.* at 2. The other was against Tristina Weekley, supervisor at Rapid City Regional Hospital, alleging sexual orientation discrimination, disability discrimination, retaliation, and conspiracy. *Id.* at 2-3. Both complaints were dismissed by Baker. *Id.*

On November 16, 2016, Baker filed a "Petition and Affidavit for a Protection Order (Stalking, or Physical Injury as a Result of an Assault, or a Crime of Violence)" against Comet Harldson, an attorney working for the Hospital. *Id.* at 3. Judge Robert Gusinksy dismissed the complaint on December 6, 2016, when Baker failed to appear at a hearing. *Id.* Baker did not appeal. *Id.*

On November 21, 2016, Baker filed a small claims lawsuit alleging discrimination, harassment, exploitation, and retaliation against Judith Warnke, an employee of the Hopsital. *Id.* Baker dismissed this suit on January 13, 2017 and did not appeal the dismissal. *Id.*

On November 22, 2016, Baker sued Paula McInerney Hall, in-house counsel for the Hospital, alleging abuse and neglect, hardship to a disabled individual, exploitation, deceit, and failure to assist in criminal prosecutions. *Id.* Baker dismissed the suit on January 13, 2017 and did not appeal the dismissal. *Id.*

Also on November 22, 2016, Baker filed a small claims lawsuit against Brent Phillips, who was then the CEO of the Hospital. *Id.* The suit alleged fraud, deceit, harassment, discrimination against a disabled adult, life endangerment, and abuse and neglect of a disabled individual. *Id.* at 3-4.

Baker dismissed the suit on January 4, 2017 and did not appeal the dismissal. *Id.* at 4.

On November 29, 2016, Baker filed again for a protection order against Comet Haraldson. *Id.* Judge Gusinsky denied and dismissed the petition the same day, finding that there did not exist sufficient grounds for relief. *Id.* Baker did not appeal. *Id.*

On March 14, 2017, Baker filed a small claims lawsuit against Maureen Henson, a human resources officer, alleging violations of the FMLA. *Id.* Judge Jeff Connolly dismissed the suit on May 2, 2017, when Baker failed to appear at a status hearing. *Id.* Baker did not appeal the dismissal. *Id.*

On April 6, 2017, Baker filed a complaint in federal district court that named thirteen individuals who were employed by or affiliated with the Hospital. *Id.* The complaint alleged violations of the Health Insurance Portability and Accountability Act, the Occupational Safety and Health Act, and the National Labor Relations Act, and intentional infliction of emotional distress. *Id.* at 5. On February 9, 2018, Judge Jeffrey Viken dismissed the complaint via a written opinion and order. *Id.* Baker did not appeal the dismissal. *Id.*

On June 30, 2017, Baker again filed suit in federal court. *Id.* This suit was brought against four individuals affiliated with the Hospital, two lawyers representing the Hospital, and two persons of unknown affiliation. *Id.* Baker alleged discrimination under Title VII, the ADA, the Genetic Information Nondiscrimination Act, and the Age Discrimination in Employment Act of 1967,

4

and retaliation for filing federal complaints. *Id.* On February 9, 2018, Judge Viken dismissed this complaint. *Id.* Baker did not appeal the dismissal. *Id.*

On July 14, 2017, Baker filed a suit in federal court naming 29 Defendants, 23 of whom were affiliated with the Hospital. *Id.* The suit asserted multiple claims arising under federal law, in addition to various state-law claims. *Id.* Judge Viken dismissed the complaint on February 9, 2018. *Id.* at 6. Baker did not appeal the dismissal. *Id.*

On September 8, 2021, Baker filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of discrimination on the basis of sex (sexual orientation), disability, and retaliation. *Id.*; Docket 1-1 at 35-38. The EEOC dismissed the charge on September 23, 2021. *Id.* at 1; Docket 54 at 6.

## III.  Instant Dispute

Baker filed the instant action on December 17, 2021. Docket 1. Because Baker commenced this action pro se, the court construes his complaint liberally, because "pro se litigants are held to a lesser pleading standard than other parties." *Gerstner v. Sebig, LLC*, 386 Fed. App'x. 573, 575 (8th Cir. 2010) (internal quotations omitted) (quoting *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010)). Applying this standard to Baker's filing, the court finds that he has made three claims against Davidson.[2] *See* Docket 1 at 1-4.

---

[2] Baker has filed several motions to amend his complaint. *See* Docket 5, 49, 50, 66. Because the court cannot discern what aspects of the complaint Baker seeks to change from most of these filings, the court considers only the complaint as amended by Docket 5.

5

The first claim alleges discrimination under the Title VII. *Id.* at 3. The second claim alleges discrimination under the ADA. *Id.* The third claim alleges retaliation in violation of FLSA. *Id.*

## SUMMARY JUDGMENT

Davidson moves for summary judgment under Fed. R. Civ. P. 56. Docket 52. Davidson argues that Baker's claims are untimely, that Baker has failed to demonstrate a legal and factual basis for each of his claims, and that Baker's claims are barred by res judicata. Docket 53 at 9, 11, 13, 14. Baker opposes the motion. *See* Docket 58.

### I.   Legal Standard

"Summary judgment is proper when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *RSA 1 Ltd. P'ship v. Paramount Software Assocs., Inc.*, 793 F.3d 903, 907 (8th Cir. 2015) (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). "The moving party has the burden to establish both the absence of genuine issue of material fact and that it is entitled to judgment as a matter of law." *Boyer v. Scott Bros. Inv. Corp.*, 2013 WL 772874 at *1 (D. Mo. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). The court views the record in a light most favorable to the nonmoving party. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"To survive a motion for summary judgment, the nonmoving party must substantiate his allegations with sufficient probative evidence that would

permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Boyer*, 2013 WL 772874 at *2 (D. Mo. 2013) (cleaned up). "A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the factfinder could reasonably find for the plaintiff." *Turner v. XTO Energy, Inc.*, 989 F.3d 625, 627 (8th Cir. 2021) (cleaned up) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

## II. Timeliness

### A. Discrimination Claims

Davidson argues that Baker's claims of discrimination under Title VII and under the ADA are time barred because he did not file his claims with the EEOC during the statutory period. Docket 53 at 9-11. "Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, []he must file a timely charge with the EEOC or a state or local agency with authority to seek relief." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012) (citation omitted). Under 42 U.S.C. § 2000e-5(e)(1) and 42 U.S.C. §12117(a), claims under Title VII and under the ADA must be filed with the EEOC within 180 days of the alleged discrimination. If the complainant files first with a state agency analogous to the EEOC, then the time to file is extended to 300 days. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. §12117(a).

But failure to timely file is not an absolute bar to relief. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it." *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980).

To determine whether Baker's filing was timely, the court must first determine the date of the alleged discrimination. Baker does not clearly allege the discriminatory incident in his complaint. *See* Docket 1. But two dates appear relevant. First is November 7, 2016, the date on which Baker was discharged. Docket 54 at 2. Second is September 7, 2021, the date on which Baker signed his EEOC complaint and at which time he alleged that discrimination was ongoing. Docket 1-1 at 36. The nature of the discrimination occurring on September 7, 2021 is opaque, but Baker gestures to "retaliat[ion] against [himself] for filing [f]ederal [c]omplaints." Docket 1 at 3. Liberally construing the filings in favor of Baker, the court assumes that November 7, 2016 is the date relevant for Baker's claims of discrimination under Title VII and under the ADA, with his termination being the adverse employment action. The court further construes September 7, 2021 to be the relevant date for Baker's claim of ongoing FLSA retaliation, but not for his discrimination claims. Because November 7, 2016 is more than 300 days before September 7,

8

2021, Baker was untimely in filing his EEO complaint as to his discrimination claims even under the extended timeline. *See* 42 U.S.C. § 2000e-5(e)(1).

Though untimeliness is not a jurisdictional bar, Baker does not state a reason as to why the court should waive the requirement in this case. *See Zipes*, 455 U.S. at 393. Because Baker has not articulated grounds to justify tolling of the filing deadlines for either of his discrimination claims, they are untimely and Davidson is entitled to summary judgment on both counts.

But even if the court were to toll Baker's filing deadlines on these claims, Baker fails to allege a prima facia case of discrimination under either statute. Discrimination claims under both Title VII and the ADA require that the plaintiff be able to adequately perform the job at issue. *Fields v. Shelter Mt. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008) (finding that "meeting [the] employer's legitimate job expectations" is an essential element of discrimination under Title VII); *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370-71 (8th Cir. 2018) (holding that a plaintiff alleging discrimination under the ADA show that he is "able to perform the essential job functions, with or without reasonable accommodation.") (citation omitted). Baker at no point alleges that he is qualified to perform the position from which he was dismissed. Rather, Baker's filings indicate that he believes himself unable to perform any work. *See, e.g.*, Docket 1-1 at 45 (asserting that Baker's psychiatrist imposed work restrictions allowing for no employment). Because Baker has failed to demonstrate this essential element of discrimination, Davidson would be entitled to summary judgment on these claims even if they were timely filed.

9

### B. Timeliness FLSA Retaliation Claim

Davidson also argues that Baker's FLSA retaliation claim is barred due to untimeliness. FLSA claims must be brought within two years of the alleged wrongdoing, unless such wrongdoing was shown to be willful. 29 U.S.C. §255(a). When a willful violation is present, then the statute of limitations is extended to three years. *Id.* Davidson contends that the date at issue here is November 7, 2016, the date of Baker's termination. Docket 54 at 3. Under this theory, even applying the more lenient three-year limitation, Baker's claim would be untimely because it was filed after November 7, 2019. *Id.* But Baker alleges that the retaliation was ongoing, at least until the date of the EEOC filing on September 8, 2021. Docket 1-1 at 36. The Eighth Circuit has held that "ongoing discriminatory acts toll the statute of limitations under the FLSA." *Redman v. U.S. West Business Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998). Construing the record in the light most favorable to Baker, the court finds that Baker's FLSA retaliation claim is not untimely because he filed within two years of September 8, 2021. The court will next consider the merits of the remaining claim.

### III. Merits of FLSA Retaliation Claim

Davidson argues that Baker does not sufficiently allege a factual basis for all elements of the count. Docket 53 at 14. "To establish a prima facie case of retaliation, [Baker] ha[s] to show that he participated in a statutorily protected activity, that [Davidson] took an adverse employment action against him, and that there was a causal connection between them." *Grey v. City of Oak Grove,*

*Mo.*, 396 F.3d 1031, 1034-35 (8th Cir. 2005). Baker must provide specific allegations, and "more than labels and conclusions[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.*

Baker repeatedly alleges, and the record supports, that he engaged in the protected activity of filing federal complaints. *See, e.g.,* Docket 71-1 at 5; Docket 55-6. *See also* 29 U.S.C. § 215(a)(3) (prohibiting "discriminat[ion] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter"). Baker fails, however, to sufficiently articulate the second element of retaliation, namely that an adverse employment action was taken against him. Though Baker makes conclusory reference to retaliation, he does not describe any specific action taken by Davidson. Baker's employment at the Hospital ended on November 7, 2016 and he does not allege any additional adverse employment action that happened after that date but within the three-year statute of limitations. Because the court needs "more than labels and conclusions," Baker's statements are inadequate for a facial showing of FLSA retaliation. *Twombly*, 550 U.S. at 555. Thus, his claim is dismissed.

## IV.  Res Judicata

Given that Baker's claims are dismissed on other grounds, the court declines to consider whether they are also barred by res judicata.

**COUNTERCLAIM**

Davidson also moves for summary judgment on her state-law counterclaim for barratry. Docket 53 at 18. Davidson alleges that Baker's filing is both frivolous and malicious and, therefore, barred under South Dakota law. *Id.* Baker does not clearly address the barratry claim in his filings.

Barratry is defined by S.D.C.L. § 20-9-6.1 as "the assertion of a frivolous or malicious claim or defense or the filing of any document with malice or in bad faith by a party in a civil action." South Dakota courts have held that a frivolous action is one where "the proponent can present no rational argument based on the evidence or law in support of the claim." *Pioneer Bank & Trust v. Reynick*, 760 N.W.2d 139, 143 (S.D. 2009) (internal quotations omitted) (quoting *Citibank (S.D.), N.A. v. Hauff*, 668 N.W.2d 528, 537 (S.D. 2003)). A frivolous claim is not merely a losing claim, but one which "connotes an improper motive or a legal position so wholly without merit as to be ridiculous." *Id.* (cleaned up). A malicious action "is begun in malice, and without probable cause to believe it can succeed, and which finally ends in failure." *Id.* (citation omitted).

Before any consideration of the merits of Davidson's counterclaim, the court must first analyze its jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "The threshold inquiry in every federal case is whether the court has jurisdiction,

and the Eighth Circuit has admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." *Sesseton-Wahpeton Oyate v. U.S. Dept. of State*, 659 F.Supp.2d 1071, 1076 (D.S.D. 2009) (citation omitted). If jurisdiction does not exist, the claim must be dismissed. Fed. R. Civ. P. 12(b)(1); (h)(3).

Because Davidson's counterclaim rests on state law and because the pleadings do not suggest that diversity jurisdiction exists, the court must look to see if supplemental jurisdiction allows for the claim to proceed. *See* 28 U.S.C. §§ 1331-32; Docket 6 (not alleging diversity of the parties or the amount in controversy). Under 28 U.S.C. §1367, supplemental jurisdiction exists "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). "Claims within the action are part of the same case or controversy if they derive from a common nucleus of operative fact." *Benchmark Ins. Co. v. SUNZ Ins. Co.*, 36 F.4th 766, 771 (8th Cir. 2022) (quoting *Myers v. Richland Cty.*, 429 F.3d 740, 746 (8th Cir. 2005)). A common nucleus of operative fact exists when the claims "are such that [a party] would ordinarily be expected to try them all in one judicial proceeding." *Id.* (cleaned up).

In this case, the nucleus of operative fact concerns Baker's employment history and termination. *See* Docket 1 (alleging claims arising from employment termination). Actions arising from this set of facts would be within the court's supplemental jurisdiction. Barratry actions, however, do not arise from the

13

underlying source of the litigation, but instead arise from the litigation itself. As this court has held before, "any state-law claim for barratry should be dismissed without prejudice, because the barratry claim does not rely on the same core set of facts." *Ferebee v. Smith*, 2006 WL 3423903 at *14 (D.S.D. Nov. 28, 2006). "Rather, claims for barratry may well require inquiry into matters not yet addressed in this case." *Id.* In the present action, entertaining the barratry claim would require the court to inquire into matters outside the nucleus of operative fact, namely Baker's history of court filings. The court thus "decline[s] to exercise supplemental jurisdiction over the barratry claim[.]" *Id. See also Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639 (2009)). Davidson's claim for barratry is dismissed without prejudice.

## RULE 11 SANCTIONS

Davidson also moves for Rule 11 sanctions to be imposed on Baker in the form of fines and a ban on further filing on this matter. Docket 24 at 1. Davidson argues that sanctions are appropriate because Baker instigated the instant suit to harass Davidson into quickly settling a related worker's compensation claim between the parties. *Id.* at 1.

Under Rule 11, sanctions may be imposed if a party pursues litigation for an "improper purpose" such as "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11 is

14

permissive in its approach to sanctions, not mandatory; though the court may impose them, if and when sanctions should be imposed is left to the discretion of the court. *See Cooter & Gell v. Hartmarx Corp.*, 110 S.Ct. 2447, 2458 (1990). Given Baker's pro se status, the court does not impose sanctions at this time.[3]

Baker is warned, however, to proceed cautiously with any future filings. Further meritless and frivolous suits may result in the imposition of sanctions. *See* Fed. R. Civ. P. 11(c). Baker has already filed numerous suits on this topic, as noted by the record, and should not file further suits in order to gain advantage in collateral matters. Docket 54 at 2-6. Sanctions, if imposed, could consist of "what suffices to deter repetition of the conduct" and may include nonmonetary directives, as well as penalties and reasonable attorney's fees. Fed. R. Civ. P. 11 (c)(4).

## CONCLUSION

Because Baker failed to properly allege any of his three claims and because the court declines supplemental jurisdiction over Davidson's remaining counterclaim, it is

ORDERED that Baker's claims against Davidson are dismissed with prejudice and Davidson's counterclaim is dismissed without prejudice. The

---

[3] The court also does not impose sanctions on Davidson. Though Baker's filings contain both alleged grievances and an expressed desire for sanctions, at no point does Baker identify with specificity a legal or factual basis for the imposition of sanctions. *See, e.g.,* Docket 27 at 8; Docket 28 at 6; Docket 67; Docket 68.

15

court does not impose Rule 11 sanctions at this time. Further, all other pending motions in this case are dismissed as moot.

DATED November 17, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE