UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM RAY BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>PAULETTE DAVIDSON, CEO/President of Monument Health,<br><br>Defendant. | 5:21-CV-05093-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES |

Defendant, Paulette Davidson, moves the court to award attorney's fees in the amount of $18,101.63. *See* Docket 99. For the following reasons, the court grants in part and denies in part defendant's motion.

I.   **Factual and Procedural Background**

The court detailed the factual background in its recent summary judgment order. *See* Docket 91 at 1-2. Baker was employed by Rapid City Regional Hospital, the predecessor affiliate to Monument Health (collectively, the Hospital), from approximately July 1, 1981 to November 7, 2016. *Id.* at 1-2. After sustaining two attacks by patients in the psychiatric unit, Baker experienced various symptoms, including short-term memory deficits, and was off work from December 2014 until early February 2015. *Id.* at 2.

Baker resumed work in February 2015 but again took leave in July of 2015 when his psychiatrist ordered him off work. *Id.* Baker never returned to

work for the Hospital. *Id.* After the Hospital determined that Baker exhausted his available leave, including leave under the Family Medical Leave Act (FMLA) and the ADA, the Hospital terminated his employment on November 7, 2016. *Id.*

The court also detailed Baker's extensive history of filing claims against various individuals affiliated with the Hospital. *See id.* at 2-5. For purposes of this order, the court notes that Baker brought the following claims: On June 30, 2017, Baker filed suit in federal court. *Id.* at 4. This suit was brought against four individuals affiliated with the Hospital, two lawyers representing the Hospital, and two persons of unknown affiliation. *Id.* Baker alleged discrimination under Title VII, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act, the Age Discrimination in Employment Act of 1967, and retaliation for filing federal complaints. *Id.* at 4-5. On February 9, 2018, Judge Viken dismissed this complaint. *Id.* Baker did not appeal the dismissal. *Id.* at 5.

On July 14, 2017, Baker filed a suit in federal court naming 29 Defendants, 23 of whom were affiliated with the Hospital. *Id.* The suit asserted multiple claims arising under federal law, in addition to various state-law claims. *Id.* Judge Viken dismissed the complaint on February 9, 2018. *Id.* Baker did not appeal the dismissal. *Id.*

On September 8, 2021, Baker filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of discrimination on the basis of sex (sexual orientation), disability, and

2

retaliation. *Id.*; Docket 1-1 at 35-38. The EEOC dismissed the charge on September 23, 2021. Docket 1-1 at 1. The EEOC found his charge was not timely filed with the EEOC. *Id.*

On December 17, 2021, Baker filed the instant suit alleging discrimination under Title VII, the ADA, and retaliation in violation of the FLSA. *See* Docket 1 at 3; Docket 91 at 5-6. Defendant denied these allegations and counterclaimed for barratry as defined in SDCL § 20-9-6.1. *See* Docket 6. Defendant also moved for Rule 11 sanctions. *See* Docket 23. Defendant then moved for summary judgment on all of Baker's claims. *See* Docket 52. The court granted summary judgment in favor of defendant on Baker's claims, dismissed defendant's barratry claim, and denied Rule 11 sanctions. *See* Docket 91 at 15-16. The court granted summary judgment against Baker on his Title VII and ADA claims because the court found them time-barred. *See id.* at 7-9.

**II.  Discussion**

Title VII and the ADA gives the court discretion to award attorney's fees to a prevailing defendant only if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978); 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12205.[1] The court must "resist the

---

[1] The court is unaware of any Eighth Circuit case squarely holding that the ADA provides for the same attorney's fees framework set forth in *Christiansburg* for Title VII claims in which defendants are the prevailing party. Several circuits have either held the same standards apply or have treated them identically. *See, e.g., Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 10-12 (1st

3

understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22.

The court must consider a parties' pro se status before awarding attorneys' fees. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 209 (8th Cir. 1989). "Pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Chester*, 873 F.2d at 209 (quoting *Miller v. Los Angeles Cnty Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987) (alterations omitted)). At the same time, a pro se individual who repeatedly files claims even after they have been dismissed as lacking merit is not immune from being assessed attorney's fees. *Id.* at 873 F.2d at 209 (distinguishing the case at issue with one in which the plaintiff has "repeatedly attempted to litigate claims previously found to be frivolous."); *Miller*, 827 F.2d at 620 (noting it is "entirely appropriate" to award attorney's fees to prevailing defendant against pro se plaintiff when pro se plaintiff has undertaken "repeated attempts" "to bring a claim previously found to be frivolous").

Here, Baker has filed numerous suits raising nearly identical arguments against various employees of Memorial Hospital. *See* Docket 91 at 2-5.

---

Cir. 1999); *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111-12 (2nd Cir. 2001); *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001); *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998); *Kohler v. Bed Bath & Beyond of CA, LLC*, 780 F.3d 1260, 1266-67 (9th Cir. 2015); *Bruce v. City of Gainesville*, 177 F.3d 949, 951 (11th Cir. 1999). The court agrees with this consensus and finds that the same analysis applies for both Title VII and ADA attorney's fees claims for prevailing defendants.

Additionally, Baker filed a claim with the EEOC alleging Title VII discrimination and disability discrimination under the ADA, and the EEOC dismissed his claim because his claims were time barred. *See* Docket 1-1 at 1. Then, the court dismissed his claims as time barred, just as the EEOC had done. *See* Docket 91 at 7-9; Docket 1-1 at 1 (showing EEOC dismissal on September 23, 2021); Docket 1 (showing Baker filed complaint on December 17, 2021). Thus, although the court recognizes that Baker is a pro se litigant, he was on notice that his Title VII claims and ADA claims lacked merit. Based on this record, the court finds it appropriate to award attorney's fees. *See Chester*, 873 F.2d at 209; *Miller*, 827 F.2d at 620.

The court must now determine the amount of fees to award. In doing so, the court should consider the resources of a pro se plaintiff. *See Miller*, 827 F.2d at 621; *Wolfe v. Perry*, 412 F.3d 707, at 723-24 (6th Cir. 2005) (finding that courts can consider financial condition of pro se plaintiff when assessing appropriate amount of attorney's fees under identical attorney's fees standard, 42 U.S.C. § 1988(b) and collecting cases); *Roth v. Green*, 466 F.3d 1179, 1194 (10th Cir. 2006); *Meidinger v. Ragnone*, No. Civ. 12-5064, 2015 WL 5697411, at *10-11 (D.S.D. Sept. 26, 2015). Although an award of some amount of attorney's fees may be necessary to deter frivolous filings, "the award should not subject the plaintiff to financial ruin." *Miller*, 827 F.2d at 621. Furthermore, the court must also "consider the pro se plaintiff's *ability* to recognize the objective merit of his or her claim." *Houston v. Norton*, 215 F.3d 1172, 1175

5

(10th Cir. 2000) (analyzing attorney's fees under analogous 42 U.S.C. § 1988(b) (emphasis added)).

Here, several factors persuade the court to reduce the amount of attorney's fees. First, while Baker does not appear to be financially destitute, he does appear to have limited means. In a recent application to file in forma pauperis, Baker self-reported a monthly income of $2,523.35, monthly expenses of $2,534.24, and $22,000 in savings and checking. *See* Docket 102 at 2-3, 5. Second, the court recognizes that Baker sustained head injuries as a result of his employment. *See* Docket 91 at 2. Third and perhaps relatedly, the court also notes that many of Baker's filings are incomprehensible, evidencing a potential lack of basic mental acuity that ordinary pro se litigants, even if not legal experts, nonetheless possess. *See, e.g.*, Docket 84 at 2 (asking the court to imagine an injured cowboy when thinking about himself); *see also generally* Docket 81 (demonstrating fragmented sentence structure and distinctive use of punctuation); Docket 90 (same).

Given the totality of Baker's circumstances, including financial and mental conditions, the court finds it appropriate to award defendant 25% of what defendant seeks. This amount results in an award of $4,525.41 (25% of $18,101.63) to defendant. The court finds this amount is sufficient to deter future frivolous filings, but not so much that it would cause Baker financial ruin. *See Miller*, 827 F.2d at 621. The decreased award also accounts for Baker's lessened culpability given his apparent diminished mental capacity.

6

### III.    Conclusion

Based on the above discussion, it is

ORDERED that defendant's motion for $18,101.63 worth of attorney's fees is GRANTED in part and DENIED in part. The court awards defendant attorney's fees but reduces the amount to $4,525.41.

DATED August 25, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
